UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| KEVIN MIDDLETON, Individually and on Behalf of All Others Similarly Situated, | Case No.: |
|---|---|
| Plaintiff, | **COMPLAINT AND JURY DEMAND** |
| v. | **PUTATIVE CLASS ACTION** |
| JOHNY UTAH 51, LLC d/b/a JOHNNY UTAH'S, | |
| Defendant. | |

## INTRODUCTION

1. Plaintiff Kevin Middleton ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of defendant Johny Utah 51, LLC d/b/a Johnny Utah's ("Defendant"), in negligently and/or willfully transmitting unsolicited commercial text messages to Plaintiff on Plaintiff's cellular telephone, without Plaintiff's express consent, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., ("TCPA"), thereby, inter alia, invading Plaintiff's privacy. Plaintiff alleges the following upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

2. The TCPA was designed to prevent calls and text messages like the ones described herein, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." Mims v. Arrow Fin. Servs., LLC, 132 S. Ct. 740, 744 (2012).

1

3. In enacting the TCPA, Congress intended to give consumers a choice as to how corporate and similar entities may contact them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer." TCPA, Pub. L. No. 102–243, § 11. In support of this, Congress found that:

> Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

Id. at § 12; see also Martin v. Leading Edge Recovery Solutions, LLC, 2012 WL 3292838, at *4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." Id. at §§ 12-13.

5. The TCPA also expressly applies to unsolicited faxes as well as other forms of media such as text messages.

6. Congress recognized that not only can unsolicited calls, faxes, and text messages be a nuisance, but also may cause the receiver of the unsolicited communications to incur actual out-of-pocket losses, such as for the use of paper and toner for unsolicited faxes.

7. With the advancement of technology, numerous courts have recognized the TCPA's applicability to unsolicited text messages to persons' cellular telephones.

8. Persons, like Plaintiff herein, have no control to stop unsolicited and unwanted text messages to their cell phones.

9. Every transmission of a text message uses data, and the longer the text is, the more data is used.

10. Once an unsolicited text message is received, not only is it a nuisance to the receiver, but as importantly, that receiver is forced to incur unwanted message and/or data charges from their cell phone carrier.

11. As set forth herein, that is exactly what occurred to Plaintiff and other members of the putative class.

12. Plaintiff and the members of the proposed class received unsolicited sales text messages from Defendant, and consequently incurred additional message and/or data charges to their cell phone accounts, all because Defendant wished to advertise and market its products and services for its own benefit.

## JURISDICTION AND VENUE

13. This Court has federal question jurisdiction because this case arises out of violations of federal law.

14. Venue is proper in the United States District Court for the Southern District of New York pursuant to 18 U.S.C. § 1391(b) and 1441(a) because Defendant is subject to personal jurisdiction in New York County, New York as Defendant resides in New York County.

## PARTIES

15. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of New York. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

16. Upon information and belief, defendant Johny Utah 51, LLC d/b/a Johnny Utah's is a domestic corporation with its principal place of business located at 25 West 51st Street, New York, New York 10009.

## FACTS

19.    Defendant primarily operates in restaurant and bar business/industry.

20.    To drum up new business, however, Defendant has resorted to unlawful telemarketing campaigns to the detriment of unsuspecting consumers like Plaintiff.

21.    Specifically, on November 22, 27 and 28, 2017, Defendant or its agents, using an automated text messaging platform, transmitted the following marketing text messages to Plaintiff's cellular telephone ending in 2395:



4

22. Further, Plaintiff continued to receive advertising text messages on the following dates:

- December 7, 2017
- December 25, 2017
- December 30, 2017
- January 13, 2018
- January 31, 2018

23. Again on February 3 and 16, 2018, as well as March 12, 2018, Defendant or its agents, using an automated text messaging platform, transmitted the following marketing text messages to Plaintiff's cellular telephone ending in 2395:



5

24.   Again on the following dates, Plaintiff received advertising text messages:

- March 3, 2018
- March 7, 2018

25.   Further, on March 13, 15 and 17, 2018, Plaintiff received an autodialed text messages from Defendant. A screenshot of the text message is provided below:



26.   Lastly, Plaintiff received the following, most recent text messages on March 22, 2018, April 5, 2018 and April 16, 2018:

6



27.	The telephone number to which Defendants, or their agents, sent the above text messages was assigned to a cellular telephone service for which Plaintiff incurs a charge pursuant to 47 U.S.C. § 227(b)(1).

28.	Plaintiff is not a customer of Defendant.

29.	Nevertheless, Defendant, or its agent, sent the above unsolicited text messages promoting Defendant's business.

30.	Defendant, or its agents, sent the above unsolicited text messages that introduced an advertisement.

31.	Defendant, or its agents, sent the above unsolicited text messages that constituted telemarketing.

7

32. Because the text messages at issue "includes or introduces an advertisement or constitutes telemarketing," Defendant was required to obtain Plaintiff's "prior express consent," as defined under the TCPA, before transmitting the text messages.

33. Under the TCPA, "prior express consent" is defined as:

> an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisement or telemarketing messages to be delivered.

47 C.F.R. § 64.1200(f)(8).

34. Plaintiff never gave prior express written consent to receive Defendant's advertisement.

35. Plaintiff further alleges that Defendant, or its agents, sent the above texts not only to Plaintiff, but also to numerous other individuals, on their cellular telephones, without obtaining their prior express written consent.

36. The texts were sent to Plaintiff and the putative class for general marketing purposes, for the commercial benefit of Defendant.

37. The texts were not sent to Plaintiff and the putative class for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

38. The text messages sent to Plaintiff and the putative class was sent via an "automatic telephone dialing system" ("ATDS"), as defined by 47 U.S.C. § 227 (a)(1) and as prohibited by 47 U.S.C. § 227 (b)(1)(A).

39. This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

40. As outlined herein, the unsolicited commercial texts sent by Defendants or their agents to Plaintiff and the putative class violated 47 U.S.C. § 227(b)(1).

## CLASS ACTION ALLEGATIONS

46. Plaintiff brings this action under Fed. R. Civ. P. 23 on behalf of a proposed class defined as:

**All persons in the United States who, from April 27, 2014 and the present, received a text message on their cellular telephone from Defendant or its agents, promoting Defendant's services.**

47. The class for whose benefit this action is brought is so numerous that joinder of all members is impracticable.

48. The exact number and identities of the persons who fit within the proposed class are ascertainable, in that Defendants maintain written and electronically-stored records of all texts that were sent, the dates they were sent, and the telephone numbers to which they were sent.

49. The proposed class is composed of over 1,000 persons.

50. The claims in this action arise exclusively from Defendant's uniform policies as alleged herein, from uniformly-worded texts sent by Defendant or its agents via an "automatic telephone dialing system."

51. No violations alleged are a result of any oral communications or individualized interaction between any class member and Defendant.

52. There are common questions of law and fact affecting the rights of the class members, including, inter alia, the following:

   a) Whether Defendant or its agents sent text messages to the cellular telephones of Plaintiff and the class;

   b) Whether the Defendant obtained express written consent from Plaintiff and the class before sending such text messages;

    c) Whether Defendant's uniform policies and common course of conduct, as alleged herein, violated the TCPA;

    d) Whether Plaintiff and the class are entitled to damages arising from Defendant's conduct alleged herein; and

    e) Whether Plaintiff and the class are entitled to an order for injunctive and declaratory relief, enjoining Defendant from carrying on the policies alleged herein.

53. Plaintiff is a member of the class he seeks to represent.

54. The claims of Plaintiff are not only typical of all class members, they are identical in that they arise from Defendant's uniform policies and form texts and are based on the same legal theories of all class members.

55. Plaintiff has no interest antagonistic to, or in conflict with, the class.

56. Plaintiff will thoroughly and adequately protect the interests of the class, having retained qualified and competent legal counsel to represent himself and the class.

57. Defendant has acted and refused to act on grounds generally applicable to the class, thereby making appropriate injunctive and declaratory relief for the class as a whole.

58. The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications.

59. A class action is superior to other available methods for the fair and efficient adjudication of the controversy since, <u>inter alia</u>, the damages suffered by each class member were less than $500 per person and individual actions to recoup such an amount are not economically feasible.

60. Common questions will predominate, and there will be no unusual manageability issues.

## COUNT I

### NEGLIGENT VIOLATIONS OF THE TCPA, 47 U.S.C. § 227, et seq.

63. Plaintiff incorporates by reference all of the above paragraphs of his Complaint as though fully stated herein.

64. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227, et seq.

65. As a result of Defendant's negligent violations of 47 U.S.C. § 227, et seq., Plaintiff and the class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

66. Plaintiff and the class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## COUNT II

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA, 47 U.S.C. § 227, et seq.

67. Plaintiff incorporates by reference all of the above paragraphs of his Complaint as though fully stated herein.

68. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, et seq.

69. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227, et seq., Plaintiff and the class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

70. Plaintiff and the class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff and members of the class respectfully pray for the following relief:

A. Certification of the class under Fed. R. Civ. P. 23;

B. On the First Count, as a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(2)(D), Plaintiff and each member of the Class is entitled to and requests five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

C. On the Second Count, as a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(2)(D), Plaintiff and each member of the Class is entitled to and requests treble damages, as provided by statute, up to one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

D. An Order, pursuant to 47 U.S.C. § 227(b)(3)(A), enjoining Defendant from violating 47 U.S.C. § 227(b)(2)(D);

E. Attorney's fees and costs; and

F. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff, on behalf of himself and all others similarly situated, demands a trial by jury on all questions of fact raised by the Complaint.

Dated: April 27, 2018

                           **DeNITTIS OSEFCHEN PRINCE, P.C.**

                    By:    s/ Ross H. Schmierer
                              Ross H. Schmierer, Esq. (RS 7215)
                              315 Madison Avenue, 3rd Floor
                              New York, New York 10017
                              (T): (646) 979-3642
                              rschmierer@denittislaw.com

                              *Attorneys for Plaintiff*